UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
------------------------------------------------------------------------ x

WILLIAM VAZ,

                                                Plaintiff,

             -against-

THE CITY OF NEW YORK, DETECTIVE ANTHONY
BOMBOLINO, shield # 01314, POLICE OFFICERS
JOHN DOES 1-3,

                                                Defendants.

**COMPLAINT**

10 Civ. 5922 (WHP)

Jury Trial Demanded

------------------------------------------------------------------------ x

## PRELIMINARY STATEMENT

1.      Plaintiff brings this civil rights action against the City of New York and four New York City Police Officers employed in the Manhattan South Narcotics Division alleging that defendants violated his rights under 42 U.S.C. § 1983 and the Fourth and Sixth Amendments to the United States Constitution.  Specifically, plaintiff alleges that, on January 23, 2009, in midtown Manhattan, defendants falsely arrested him, used unreasonable force on him by handcuffing him excessively tight, illegally strip searched him, made false allegations about him to prosecutors, and maliciously prosecuted him.  Plaintiff seeks compensatory and punitive damages, attorney's fees and costs, and such other and further relief as the court deems just and proper.

## JURISDICTION & VENUE

2.      This action is brought pursuant to 42 U.S.C. § 1983 and the Fourth and Sixth Amendments to the United States Constitution.  Jurisdiction is conferred upon this Court by 28 U.S.C. §§ 1331 and 1343.


3. Venue is proper in the Southern District of New York pursuant to 28 U.S.C. § 1391(b) and (c) because a substantial part of the events giving rise to plaintiff's claims occurred in this District, and because some or all of the defendants reside in this District.

## PARTIES

4. Plaintiff is a United States citizen who resides in the Bronx.

5. The City of New York is a municipal corporation organized under the laws of the State of New York.

6. Detective Anthony Bombolino and Police Officers John Does 1-3 are New York City Police Officers employed in the Manhattan South Narcotics Division. Defendants were acting under color of state law and in their capacities as New York City Police Officers at all relevant times. Defendants are liable for directly participating in the unlawful acts described herein and for failing to intervene to protect plaintiff from unconstitutional conduct. The defendants are sued in their individual capacities.

## STATEMENT OF FACTS

7. On January 23, 2009, plaintiff was driving his vehicle in Manhattan with his sister and her husband as passengers.

8. At all relevant times, plaintiff was obeying the law and not acting in a suspicious manner.

9. In the vicinity of Eighth Avenue and 23rd Street, plaintiff parked his vehicle in order to use the restroom at Starbucks.

10. Detective Anthony Bombolino and John Does 1 and 2 parked their police vehicle behind plaintiff's vehicle.

11. John Doe 1, a tall, white male in plainclothes who had a goatee, followed plaintiff into Starbucks.

12. John Doe 1 exited Starbucks shortly thereafter.

13. Outside, the three officers ordered plaintiff's sister and her husband to exit plaintiff's vehicle.

14. John Doe 1 went back into Starbucks and arrested plaintiff for no reason.

15. John Doe 1 intentionally handcuffed plaintiff excessively tight causing plaintiff pain and bruising.

16. Plaintiff asked the three officers for the reason for his arrest but they refused to answer.

17. Plaintiff, his sister, and his sister's husband were taken to a precinct in the vicinity of Eighth Avenue and 19th Street, which may have been the 10th Precinct.

18. Inside a bathroom of the precinct, John Doe 3, a white male officer in plainclothes, with the authorization of John Doe 2, a supervisor, had plaintiff remove all of his clothes and strip searched him.

19. John Doe 3 did not recover anything illegal from plaintiff.

20. The strip search of plaintiff was illegal because plaintiff had not committed a crime and no officer had reasonable suspicion to believe that plaintiff was hiding illegal items under his clothes.

21. While plaintiff was confined in a cell in the precinct, Detective Bombolino, with the acquiescence of the other arresting officers, misrepresented in police reports that plaintiff had driven recklessly, acted disorderly by using profanity when he was arrested, and resisted arrest.

22. A few hours later, plaintiff was taken to Manhattan Central Booking.

23. Plaintiff was held in a cell in Central Booking which was several overcrowded, cold, filthy and unsanitary, and infested with roaches and rodents. The toilet was covered in feces and urine and other types of human discharge and there were no beds for plaintiff and the other detainees to sleep on.

24. While plaintiff was held in Central Booking, Detective Bombolino, with the acquiescence of the other arresting officers, maliciously commenced a bogus prosecution against plaintiff by misrepresenting to the New York County District Attorney's Office that plaintiff had driven recklessly, acted disorderly by using profanity when he was arrested, and resisted arrest.

25. Sometime thereafter, plaintiff was arraigned in Manhattan Criminal Court and the judge released plaintiff without bail.

26. Plaintiff made numerous court appearances (approximately 15) in Manhattan Criminal Court from January 2009 to May 26, 2010, when the case was dismissed on speedy trial grounds.

27. Plaintiff suffered damage as a result of defendants' actions. Plaintiff was incarcerated for approximately 24 hours, deprived of his liberty, and suffered emotional distress, mental anguish, fear, anxiety, embarrassment, and humiliation. Plaintiff also suffered pain and bruising from defendants' use of excessive force.

## **FIRST CLAIM**

**(FALSE ARREST UNDER FEDERAL LAW)**

28. Plaintiff repeats the foregoing allegations.

29. Plaintiff did not commit a crime or violation on January 23, 2009 and no police officer observed plaintiff acting in a manner that day which gave rise to probable cause.

30. Accordingly, defendants are liable to plaintiff under the Fourth Amendment for false arrest.

## SECOND CLAIM
### (UNREASONABLE FORCE UNDER FEDERAL LAW)

31. Plaintiff repeats the foregoing allegations.

32. Defendants' use of force upon plaintiff or their failure to intervene was objectively unreasonable and caused plaintiff pain and injury.

33. Accordingly, defendants are liable to plaintiff under the Fourth Amendment for using unreasonable force.

## THIRD CLAIM
### (ILLEGAL STRIP SEARCH UNDER FEDERAL LAW)

34. Plaintiff repeats the foregoing allegations.

35. Defendants' strip search of plaintiff or their failure to intervene was illegal because plaintiff had not committed a crime and no officer had reasonable suspicion to believe that plaintiff was hiding illegal items under his clothes.

36. Accordingly, defendants are liable to plaintiff under the Fourth Amendment for illegally strip searching him.

## FOURTH CLAIM
### (FABRICATION OF EVIDENCE)

37. Plaintiff repeats the foregoing allegations.

38. Detective Bombolino, with the acquiescence of the other defendants, falsely stated to the New York County District Attorney's Office that plaintiff had driven recklessly, acted disorderly by using profanity when he was arrested, and resisted arrest.

39. Defendants' misrepresentation deprived plaintiff of liberty.

40. Accordingly, defendants are liable to plaintiff under the Sixth Amendment for fabrication of evidence and denying plaintiff a fair trial.

## FIFTH CLAIM

### (MALICIOUS PROSECUTION)

41. Plaintiff repeats the foregoing allegations.

42. Detective Bombolino, with the acquiescence of the other defendants, maliciously commenced a bogus prosecution against plaintiff which ultimately terminated in plaintiff's favor.

43. Accordingly, defendants are liable under the Fourth Amendment for malicious prosecution.

## SIXTH CLAIM

### (MONELL CLAIM AGAINST THE CITY OF NEW YORK)

44. Plaintiff repeats the foregoing allegations.

45. The City of New York, through a policy, practice, and custom, directly caused the constitutional violations suffered by plaintiff.

46. Upon information and belief, the City of New York, at all relevant times, was aware that the defendants are unfit officers who have previously committed the acts alleged herein, have a propensity for unconstitutional conduct, and/or have been inadequately trained.

47	Despite the above, the City of New York exercised deliberate indifference by failing to take remedial action. The City failed to properly train, retrain, supervise, discipline, and monitor the defendants and improperly retained and utilized them. Moreover, upon information and belief, the City of New York failed to adequately investigate prior complaints filed against the defendants.

48.	In addition, the following are City policies, practices and customs:

(a) arresting innocent individuals on the pretext that they trespassed, possessed or sold drugs, or possessed weapons, in order to meet productivity goals;

(b) fabricating evidence against individuals;

(c) using excessive force on individuals;

(d) unlawfully strip searching pre-arraignment detainees;

(e) retaliating against individuals who engage in free speech;

(f) unlawfully entering and searching homes and being unnecessarily destructive.

WHEREFORE, plaintiff demands a jury trial and the following relief jointly and severally against the defendants:

a.	Compensatory damages in an amount to be determined by a jury;

b.	Punitive damages in an amount to be determined by a jury;

c.	Attorney's fees and costs;

d.	Such other and further relief as the Court may deem just and proper.

DATED:   August 3, 2010
         Brooklyn, New York

/s/

_____
RICHARD J. CARDINALE
Attorney at Law
26 Court Street, Suite 1815
Brooklyn, New York 11242
(718) 624-9391