UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
------------------------------------------------------------------------ x

WILLIAM VAZ,

                                  Plaintiff,

          -against-

THE CITY OF NEW YORK, DETECTIVE ANTHONY
BOMBOLINO, shield # 1314, DETECTIVE JOSEPH
KING, shield # 6514, LT. LOUIS DECEGLIE,
DETECTIVE FRANK ALTIERI, tax # 923499,

                                  Defendants.

**SECOND AMENDED COMPLAINT**

10 Civ. 5922 (WHP)

Jury Trial Demanded

------------------------------------------------------------------------ x

## PRELIMINARY STATEMENT

        1.    Plaintiff brings this civil rights action against the City of New York and several New York City Police Officers who were employed in the Manhattan South Narcotics Division on January 23, 2009 alleging that defendants violated his rights under 42 U.S.C. § 1983 and the Fourth and Sixth Amendments to the United States Constitution. Specifically, plaintiff alleges that, on January 23, 2009, in midtown Manhattan, defendants falsely arrested him, used unreasonable force on him by handcuffing him excessively tight, illegally strip searched him, made false allegations about him to prosecutors and maliciously prosecuted him. Plaintiff seeks compensatory and punitive damages, attorney's fees and costs, and such other and further relief as the court deems just and proper.

## JURISDICTION & VENUE

        2.    This action is brought pursuant to 42 U.S.C. § 1983 and the Fourth and Sixth Amendments to the United States Constitution. Jurisdiction is conferred upon this Court by 28 U.S.C. §§ 1331 and 1343.

3.	Venue is proper in the Southern District of New York pursuant to 28 U.S.C. § 1391(b) and (c) because a substantial part of the events giving rise to plaintiff's claims occurred in this District, and because some or all of the defendants reside in this District.

## PARTIES

4.	Plaintiff is a United States citizen.

5.	The City of New York is a municipal corporation organized under the laws of the State of New York.

6.	Detective Anthony Bombolino, Detective Joseph King, Lt. Louis Deceglie and Detective Frank Altieri are New York City Police Officers who were employed in the Manhattan South Narcotics Division on January 23, 2009.  Defendants were acting under color of state law and in their capacities as New York City Police Officers at all relevant times. Defendants are liable for directly participating in the unlawful acts described herein and for failing to intervene to protect plaintiff from unconstitutional conduct.  The defendants are sued in their individual capacities.

## STATEMENT OF FACTS

7.	On January 23, 2009, plaintiff was driving his vehicle in Manhattan with his sister and his sister's husband as passengers.

8.	At all relevant times, plaintiff was obeying the law and not acting in a suspicious manner.

9.	In the vicinity of Eighth Avenue and 23rd Street, plaintiff parked his vehicle in order to use the restroom at Starbucks.

10. Detective Anthony Bombolino, Detective Joseph King, Lt. Louis Deceglie and Detective Frank Altieri of the Manhattan South Narcotics Division parked their police vehicle behind plaintiff's vehicle.

11. One of the defendants, a tall, white male in plainclothes with a goatee, followed plaintiff into Starbucks.

12. This defendant exited Starbucks shortly thereafter.

13. Outside, the defendants ordered plaintiff's sister and her husband to exit plaintiff's vehicle.

14. One of the defendants went back inside Starbucks and arrested plaintiff for no reason.

15. This defendant intentionally handcuffed plaintiff excessively tight causing plaintiff pain and bruising.

16. Plaintiff asked the defendants to provide a reason for his arrest but they refused to answer.

17. Plaintiff, his sister and his sister's husband were taken to the 10th Precinct.

18. Inside a bathroom in the precinct, one of the defendants, a white male in plainclothes, with the authorization of Lt. Deceglie (who was then a sergeant), ordered plaintiff to remove all of his clothes.

19. The officer did not recover anything illegal from plaintiff.

20. The strip search of plaintiff was illegal because plaintiff had not committed a crime and because no officer had reasonable suspicion to believe that plaintiff was hiding illegal items under his clothes.

21.	While plaintiff was confined in a cell in the precinct, Detective Bombolino, with the acquiescence and approval of the other defendants, misrepresented in police reports that plaintiff had driven recklessly, acted disorderly by using profanity when he was arrested and resisted arrest.

22.	A few hours later, plaintiff was taken to Manhattan Central Booking.

23.	Plaintiff was held in a cell in Central Booking which was several overcrowded, cold, filthy, unsanitary and infested with roaches and rodents.  The toilet was covered in feces and urine and other types of human discharge and there were no beds for plaintiff and the other detainees to sleep on.

24.	While plaintiff was held in Central Booking, Detective Bombolino, with the acquiescence and approval of the other defendants, maliciously commenced a bogus prosecution against plaintiff by misrepresenting to the New York County District Attorney's Office that plaintiff had driven recklessly, acted disorderly by using profanity when he was arrested and resisted arrest.

25.	Sometime thereafter, plaintiff was arraigned in Manhattan Criminal Court and the judge released plaintiff without bail.

26.	Plaintiff made numerous court appearances (approximately 15) in Manhattan Criminal Court from January 2009 to May 26, 2010, when the case was dismissed on speedy trial grounds.

27.	Plaintiff suffered damage as a result of defendants' actions.  Plaintiff was incarcerated for approximately 24 hours, deprived of his liberty, and suffered emotional distress, mental anguish, fear, anxiety, embarrassment and humiliation.  Plaintiff also suffered pain and bruising from defendants' use of excessive force.

## FIRST CLAIM

### (FALSE ARREST UNDER FEDERAL LAW)

28. Plaintiff repeats the foregoing allegations.

29. Plaintiff did not commit a crime or violation on January 23, 2009 and no police officer observed plaintiff acting in a manner that day which gave rise to probable cause.

30. Accordingly, defendants are liable to plaintiff under the Fourth Amendment for false arrest.

## SECOND CLAIM

### (UNREASONABLE FORCE UNDER FEDERAL LAW)

31. Plaintiff repeats the foregoing allegations.

32. Defendants' use of force upon plaintiff or their failure to intervene was objectively unreasonable and caused plaintiff pain and injury.

33. Accordingly, defendants are liable to plaintiff under the Fourth Amendment for using unreasonable force.

## THIRD CLAIM

### (ILLEGAL STRIP SEARCH UNDER FEDERAL LAW)

34. Plaintiff repeats the foregoing allegations.

35. Defendants' strip search of plaintiff or their failure to intervene was illegal because plaintiff had not committed a crime and no officer had reasonable suspicion to believe that plaintiff was hiding illegal items under his clothes.

36. Accordingly, defendants are liable to plaintiff under the Fourth Amendment for illegally strip searching him.

### FOURTH CLAIM

### (FABRICATION OF EVIDENCE)

37. Plaintiff repeats the foregoing allegations.

38. Detective Bombolino, with the acquiescence and approval of the other defendants, falsely stated to the New York County District Attorney's Office that plaintiff had driven recklessly, acted disorderly by using profanity when he was arrested and resisted arrest.

39. Defendants' misrepresentation deprived plaintiff of liberty.

40. Accordingly, defendants are liable to plaintiff under the Sixth Amendment for fabrication of evidence and denying plaintiff a fair trial.

### FIFTH CLAIM

### (MALICIOUS PROSECUTION)

41. Plaintiff repeats the foregoing allegations.

42. Detective Bombolino, with the acquiescence and approval of the other defendants, maliciously commenced a bogus prosecution against plaintiff which ultimately terminated in plaintiff's favor and which deprived plaintiff of liberty.

43. Accordingly, defendants are liable under the Fourth Amendment for malicious prosecution.

### SIXTH CLAIM

### (MONELL CLAIM AGAINST THE CITY OF NEW YORK)

44. Plaintiff repeats the foregoing allegations.

45. The City of New York is a "person" within the meaning of 42 U.S.C. § 1983.

46. The City of New York, through a policy, practice and custom, directly caused the constitutional violations suffered by plaintiff.

47. Upon information and belief, the City of New York, at all relevant times, was aware that the defendants and other NYPD narcotics officers are unfit officers who have previously committed the acts alleged herein, have a propensity for unconstitutional conduct and/or have been inadequately trained.

48. Several NYPD narcotics officers have been arrested and convicted of crimes for making false allegations about arrestees and for corruption.

49. Defendant King was sued for civil rights violations in *Christopher Lyles v. City of New York, et al.*, 05 Civ. 9448 (S.D.N.Y.), which the City settled, and is presently being sued for civil rights violations in *Larry Thomas v. City of New York, et al.*, 11 Civ. 0056 (S.D.N.Y.). Defendant Altieri is presently being sued for civil rights violations in *Arnulfo Serrano and Abraham Vera v. City of New York, et al.*, 10 Civ. 8898 (S.D.N.Y.).

50. Despite the above, the City of New York exercised deliberate indifference by failing to take remedial action. The City failed to properly train, retrain, supervise, discipline, and monitor the defendants and other narcotics officers and improperly retained and utilized them. Moreover, upon information and belief, the City of New York failed to adequately investigate prior complaints filed against the defendants and other narcotics officers.

WHEREFORE, plaintiff demands a jury trial and the following relief jointly and severally against the defendants:

    a. Compensatory damages in an amount to be determined by a jury;

    b. Punitive damages in an amount to be determined by a jury;

    c. Attorney's fees and costs;

        d.    Such other and further relief as the Court may deem just and proper.

DATED:    February 17, 2011
                Brooklyn, New York

/S/

_____
RICHARD J. CARDINALE
Attorney at Law
26 Court Street, Suite 1815
Brooklyn, New York 11242
(718) 624-9391